D. MICHAEL EAKIN
Eakin & Berry, PLLC
208 N. 29th St., Suite 204
P.O. Box 2218
Billings, MT 59103
(406) 969-6001; Fax: (406) 969-6007
Email: eakin.406law@gmail.com

Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| JULIE NEPSTAD,<br>     Plaintiff,<br><br>vs.<br><br>RON MANDELLA, individually, and as TRUSTEE FOR THE MANDELLA FAMILY LIVING REVOCABLE TRUST,<br>     Defendants. | COMPLAINT |

TYPE OF ACTION

1. This is an action for statutory damages for the Defendant's failure to comply with Truth in Lending and the Montana Mortgage Act. Plaintiff also seek damages for the Defendant's violation of Montana's Uniform Commercial Code and other state statutes.

1

## PARTIES

2.  Julie Nepstad is a natural person residing in Yellowstone County, Montana. Julie is a consumer as that term is defined at 15 U.S.C. §1602(i) and § 30-14-102, MCA.

3.  Ron Mandella is a natural person residing in Yellowstone County, Montana. Ron Mandella is one of the trustees for the Mandella Family Living Revocable Trust.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the Truth in Lending claims pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331. This has jurisdiction over the supplemental state claims pursuant to 28 U.S.C. § 1367.

## FACTS

4.  Ron Mandella, in his capacity as trustee of the Mandella Family Living Revocable Trust, regularly extends credit for the purchase of dwellings.

5.  On November 2, 2021, Defendant Ron Mandella, acting as trustee for the Mandella Family Living Revocable Trust entered into a contract to sell a 1984 Sequoia mobile home to Plaintiff. The contract was titled "Contract for Deed." The mobile home was located at 1640 Canary Lane, #16, Billings, Montana.

6.  Plaintiff purchased the mobile home to use as her residence. Plaintiff resided in the mobile home for more than six months.

7.  Defendant financed the sale of the mobile home by requiring a down payment of $5000 to be paid at $1000 per month starting November 20, 2021and then on the 6th of each month from December 2021 to March 2022, for a total down payment of $5000.00.  Plaintiff was also required to pay 73 monthly payments of $1000.00 commencing November 5, 2021 and continuing until a final payment on November 5, 2027.  The monthly payments total $73,000.00.  The total of payments due under the contract is $78,000.00

8 .  The cash sales price of the home was $ 75,000.00.

7.  Plaintiff determined she could not afford the mobile home located on lot #16 and voluntarily returned the home to Defendant.

8.  Defendant resold the home located at 1640 Canary Lane, #16.

9.  Plaintiff purchased a cheaper mobile home from the Defendant acting in his individual capacity in June 2022.  This second mobile home is located at 1640 Canary Lane, #6, Billings, Montana.  The mobile home is a 1972 Adrian.

11.  The sale of the second mobile home was financed by means of an installment contract titled "Contract for Deed."

12.  The contract called for monthly payments of $500 per month commencing June 6, 2022 and continuing until a final payment on June 6, 2028.

13. Defendant is not licensed on the Nationwide Mortgage Licensing system either as an individual or as a trustee for the Mandella Family Living Revocable Trust.

## CAUSES OF ACTION

### Count I – Truth in Lending First Sale

14. Defendant did not make any required Truth in Lending disclosures to Plaintiff on the contract for the mobile on lot 16 entered into on November 2, 2021.

15. Defendant was required by federal law to disclose the annual percentage rate of finance charge, the finance charge as a dollar amount, the total of payments etc. 15 U.S.C. § 1638(a).

16. Plaintiff is entitled to recover $4000.00 plus her attorney fees for Defendant's failure to make Truth in Lending disclosures. 15 U.S.C. § 1640.

### Count II – Resale of First Mobile

17. Defendant did not give notice of the intended disposition of the first mobile home.

18. Plaintiff is entitled to recover the finance charge plus 10% of the purchase price because of Defendant's failure to provide notice of the intended disposition, for a total of $10,500. § 30-9A-625(3)(b), MCA.

### Count III – Accounting for Surplus on Resale

19. Defendant resold the first mobile for more than was owed by Plaintiff.

20. Defendant is required to account to Plaintiff for any surplus obtained on the resale of the mobile home. §30-9A-608(1)(d), MCA.

21. Plaintiff is entitled to recover the amount of surplus ($35,000.00) but not less than $10,500.00. §30-9A-625(3), MCA.

### Count IV – Truth in Lending Second Sale

22. Defendant did not make any required Truth in Lending disclosures to Plaintiff on the contract for the mobile on lot 3 entered into on June 1, 2021.

23. Defendant was required by federal law to disclose the annual percentage rate of finance charge, the finance charge as a dollar amount, the total of payments etc. 15 U.S.C. § 1638(a).

24. Plaintiff is entitled to recover $2000.00 plus her attorney fees for Defendant's failure to make Truth in Lending disclosures. 15 U.S.C. § 1640.

### Count V – Failure to Have NMLS License

25. Defendant is not licensed on the Nationwide Mortgage Licensing System either as an individual or as a trustee for the Mandella Family Living Revocable Trust.

26. Defendant is required to be licensed under the Nationwide Mortgage Licensing System. § 39-1-102, MCA.

27. Contracts entered by person not licensed to enter such contracts are unenforceable.

28. The two contracts should be rescinded for Defendant's failure to be licensed and all monies paid by Plaintiff, $19,000.00, should be refunded.

## Count VI – Unconscionable Dealings

29. Defendant sold plaintiff a 1972 Adrian mobile home with approximately 672 square feet of living area. (56' ft x 12'ft).

30. The assessed tax value of the home is $1010. The true fair market value does not exceed $5000.00.

31. Defendant had an obligation of good faith and fair dealing. § 30-1-203, MCA.

32. Defendant breached this obligation of good faith and fair dealing by charging an unconscionable price for the 1972 mobile home.

33. Plaintiff should recover all amounts paid to Defendant in excess of $5000 and receive clear title to the 1972 Adrian mobile home.

## ATTORNEY FEES

34. Plaintiff is entitled to recovery attorney fees pursuant to 15 U.S.C. § 1640 and § 28-3-704, MCA.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. $4000.00 on Count I;

2. $10,500 on Count II;

3. $35,000.00 on Count III;

4. $2000 on Count IV

5. $11,000 on Count V;

6. Plaintiff's costs and attorney fees;

7. Such other relief as the Court deems fit.

Dated this 1st day of November, 2022.

                                              /s/ D. Michael Eakin
                                              D. MICHAEL EAKIN